## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JOHN LAMB**                                                                                **PETITIONER**

**VS.**                                    **CASE NO. 5:11V00064 JMM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                               **RESPONDENT**

## ORDER

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from John Lamb, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Lamb was convicted following a 2007 jury trial in Greene County on the charge of rape and sentenced to life imprisonment. He appealed the conviction[1], and the Arkansas Supreme Court affirmed. *Lamb v. State*, 372 Ark. 277 (2008). Mr. Lamb subsequently filed a Rule 37 petition in April of 2008 with the trial court, and then an amended Rule 37 petition. Rule 37 relief was denied by the trial court on June 9, 2008. Mr. Lamb filed a notice of appeal of the trial court's decision, but did not timely lodge the trial record. His motion to belatedly lodge the record was denied by the Arkansas Supreme Court on February 12, 2009. *Lamb v. State*, 2009 WL 348840 (Ark., Feb. 12, 2009). Mr. Lamb then filed a motion for reconsideration, which the Arkansas Supreme Court denied on October 1, 2009. *Lamb v. State*, 2009 WL 3163057 (Ark., October 1, 2009).

Mr. Lamb now advances four claims for habeas corpus relief:

1.     The Arkansas Supreme Court erroneously denied petitioner's motion for reconsideration;

2.     The child victim was incompetent to testify and/or trial counsel was ineffective for failing to object to improper questions posed to the victim;

---

[1]His grounds for relief on direct appeal were insufficiency of the evidence and trial court error in allowing testimony relating to Lamb's prior convictions.

3.      The prosecution was relieved of its burden to prove petitioner's guilt beyond a reasonable doubt and/or petitioner was actually innocent of the crime; and

4.      Ineffective assistance of counsel at sentencing for failure to provide an effective defense.

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the petitioner's judgment became final on June 9, 2008, when the trial court denied Lamb's Rule 37 petition.  As a result, the respondent argues that petitioner should have filed his federal petition on or before June 9, 2009.  Respondent further notes that even if the limitation period began on October 1, 2009 (when Lamb's petition for reconsideration was denied by the Arkansas Supreme Court) the petition would still be untimely since it was filed after October 1, 2010.  The petitioner filed his federal petition on March 16, 2011.  The respondent urges that the petitioner's  failure to act sooner is fatal to the petition.

The Court must acknowledge that we are giving serious consideration to dismissing this

petition because of the possible failure to file in a timely fashion. Before making a final determination, though, we will give Mr. Lamb an opportunity to explain[2] why his petition should not be dismissed.

In addition, the respondent contends that the claims are not properly before this Court due to the petitioner's failure to adequately raise his claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of

---

[2]The petitioner addresses the timeliness of his petition in the original petition. However, the Court will allow him a further opportunity to advance arguments on this subject.

3

cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

Our review of the pleadings in this case convinces us that  these grounds do not appear to have been adequately raised in the Arkansas state court system.  The Court must acknowledge that we are giving serious consideration to dismissing the petition because of petitioner's attempt to raise grounds which are  possibly procedurally  barred.  Before making a final determination, though, we will give Mr. Lamb an opportunity to explain his failure to raise these grounds in state court.

Petitioner is granted until, and including, May 24, 2011, to submit a pleading in which he explains why the petition should not be dismissed as untimely or as procedurally defaulted.  Final consideration of this petition will be postponed pending the receipt of that pleading.

IT IS SO ORDERED this   21   day of April, 2011.

_____

UNITED STATES MAGISTRATE JUDGE